UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80334-CIV-MARRA/JOHNSON

ALAN GUTHARTZ,

Plaintiff,

vs.

PARK CENTRE WEST CORP.,
4685 HAVERHILL, INC., SHINING
STAR RANCH, INC., BARNETT
GUTHARTZ, and JANET BARRY,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Park Centre West Corp, 4685 Haverhill, Inc., Shining Star Ranch, Inc., Janet Barry and Barnett Guthartz's ("Defendants") Motion to Compel Plaintiff to Deposit the Original Stock Powers into the Court Registry [DE 68], filed July 2, 2008. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

The Complaint in this case seeks a declaration as to who is the legitimate shareholder of Park Centre West Corp, 4685 Haverhill, Inc. and Shining Star Ranch, Inc. In addition, the Complaint seeks to compel Defendants Park Centre West Corp, 4685 Haverhill, Inc. and Shining Star Ranch, Inc. to produce certain records for inspection. The Complaint alleges that the shares of the corporate Defendants were issued to Plaintiff by Defendants Barnett Guthartz and Frieda Guthartz. (DE 1.) Defendants now seek an order from the Court directing Plaintiff to deposit these stock powers into the Court registry.

Rule 67(a) of the Federal Rules of Civil Procedure states:

If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party - on notice to every other party and by leave of the court- may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

The decision whether to grant leave to deposit funds into the court registry is a matter within the discretion of the district court.  See Cajun Elec. Power Co-op, Inc. v. Riley Stoker Corp., 901 F.2d 441, 444 (5th Cir. 1990).  The clear language of Rule 67 permits a party to make a deposit in the court even if the depositor claims all or any part of the sum or thing deposited.  See Fed.R.Civ.P. 67.  The Rule recognizes that there are circumstances in which a litigant may wish to be relieved of responsibility for a sum or thing, but may also wish to continue to claim an interest in all or part of it.  See Advisory Committee Notes to 1983 Amendments of the Federal Rule of Civil Procedure, FRCP 67; see also Gulf States Utility Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), amended on other grounds, reh'g denied, 831 F.2d 557 (5th Cir. 1987) (rule 67 makes clear that a depositor may have an interest in the deposited funds).  Furthermore, the plain language of this rule, i.e., "may deposit," only permits for a voluntary deposit of funds or thing.  See Rogath v. Siebenmann, 941 F. Supp. 416 (S.D.N.Y. 1996), vacated on other grounds, 129 F.3d 261 (2d Cir. 1997).

Nonetheless, Defendants seek a Court order requiring Plaintiff to deposit the contested stock powers into the Court's registry.  Defendants do not cite any controlling cases, or for that matter any federal cases, pertaining to Rule 67, that contemplate compelling an unwilling party to deposit a disputed fund or thing into the registry.  This Court will not adopt such an interpretation that runs afoul of the clear language of the rule.  To the extent that Defendants

allege concerns about spoilation of evidence and the ability to inspect the stock powers, Defendants may seek appropriate rulings from the Court to deal with those issues. See, e.g., Madura v. Countrywide Home Loans, Inc., No. 8:06-cv-2073-T-24TBM, 2008 WL 619318, at * 3 (M.D. Fla. Mar. 4, 2008) (the issue of spoilation can be resolved "though the use of litigation sanctions, adverse inferences and other means within the Court's authority") quoting James v. United States Airways, Inc., 375 F. Supp. 2d 1352, 1355 (M.D. Fla. 2005); Fed.R.Civ.P. 34 (governing the pretrial production of evidence for testing and inspection possessed by one's adversary).

Accordingly, for the reasons stated herein, Defendants' Motion to Compel Plaintiff to Deposit the Original Stock Powers into the Court Registry [DE 68] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2008.

_____
KENNETH A. MARRA
United States District Judge