UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80334-CIV-MARRA/JOHNSON

ALAN GUTHARTZ,

    Plaintiff,

vs.

PARK CENTRE WEST CORP.,
4685 HAVERHILL, INC., SHINING
STAR RANCH, INC., BARNETT
GUTHARTZ, and JANET BARRY,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants Park Centre West Corp., 4685 Haverhill, Inc., Shining Star Ranch, Inc., Barnett Guthartz and Janet Barry's Motion for Summary Judgment (DE 108) and Defendant Janet Barry's Motion for Judgment on the Pleadings (DE 160).[1] The Court has carefully considered the motions and is otherwise fully advised in the premises.

On April 13, 2007, Plaintiff Alan Guthartz ("Plaintiff") filed a two-count Complaint against Defendants Park Centre West Corp. ("Park Centre"), 4685 Haverhill, Inc. ("Haverhill"), Shining Star Ranch, Inc. ("Shining Star"), Barnett Guthartz and Janet Barry, seeking Declaratory Relief against Park Centre (Count I), Haverhill (Count II), Shining Star (Count III) and Court Ordered Inspection pursuant to Fla. Stat. § 607.1602 against Park Centre (Count IV), Haverhill (Count V) and Shining Star (Count VI). Plaintiff claims that he received three separate

---

[1] Plaintiff Alan Guthartz only filed a response to the summary judgment motion (DE 157).

irrevocable stock powers of Park Centre, Haverhill and Shining Star from his father, Barnett Guthartz ("Barnett") and his mother, Frieda Guthartz ("Frieda"), in July of 1997. (Stock Powers, Ex. A attached to Compl.)

I. Summary Judgment Motion

A. Facts

These facts, as culled from affidavits, depositions, answers, answers to interrogatories and reasonably inferred therefrom in a light most favorable to Plaintiff, for the purposes of this Summary Judgment Motion, are as follows:

Plaintiff testified that Frieda gave him stock powers in the Defendant corporations and those stock powers bear the signatures of both his mother and his father. (A. Guthartz Dep. 86, 101, 105; A. Guthartz Decl. ¶ 4.) According to Plaintiff, he received the stock powers in the mail in 1997, put them away and forgot about them until 2007. (A. Guthartz Dep. 86, 101, 105.) Frank Norwitch, a questioned document examiner, states that the signatures on the stock powers were written by Frieda and Barnett. (Norwitch Aff. ¶¶ 9-11.) Plaintiff never mentioned the stock powers to his father. (A. Guthartz Dep. 105.)

In contrast, Barnett states that he and Frieda never owned stock in the Defendant corporations jointly.  According to Barnett, as of 1997, stock in Park Centre and Haverhill was solely owned by Barnett and stock in Shining Star was solely owned by Frieda. (Aff. of B. Guthartz ¶¶ 5-6, 10-11, 22-23, 26-27, 34-39, 43-44.) Barnett testified that he never signed the stock powers transferring the shares of stock in the Defendant corporations to Plaintiff. (B. Guthartz Aff. ¶¶ 5-6, 10-11, 22-23, 26-27, 38-39, 43-44.)

Plaintiff testified that he never saw articles of incorporation of the Defendant

corporations, has no other documents besides the stock powers indicating that he owned stock in the Defendant corporations, has never had a stock certificate issued in his name, has never requested that a stock certificate be issued in his name, has never filed income tax returns reflecting ownership of the stock in the Defendant corporations, and has never seen the stock powers prepared. (A. Guthartz Dep. 145, 152-54, 156-58, 174, 183.)

Barnett testified that, with respect to the Defendant corporations, he has filed tax returns, received and filed K-1 shareholder's share of income, credit and deductions, has retained authority to make all final decisions as to business operations and management of the corporations, and has loaned money to the corporations, which has not been repaid. (B. Guthartz Aff. ¶¶ 7-9-, 12, 24-25, 28, 40-41.)   Barnett states that Plaintiff was never a member of the board of directors, never participated in the business operations or management of the Defendant corporations and was never sent a schedule K-1. (B. Guthartz Aff. ¶¶ 16-19, 30-33, 46-52.)

Barnett's accountant, Lawrence Imber, states that he was the accountant for the Defendant corporations and was familiar with the books and records of those corporations. Mr. Imber stated that it was his understanding that Barnett owned all the shares of common stock in the Defendant corporations. With respect to Shining Star, Mr. Imber states that Frieda owned the shares until she transferred those shares to Barnett prior to her death in 1998. (Imber Decl. ¶¶ 7-9.)   Mr. Imber attests that Plaintiff never advised him that he had any ownership interest in the Defendant corporations, never asked for a copy of the tax returns filed on behalf of the Defendant corporations, never provided any information to him in order to file the corporate tax returns and that the tax returns indicated that Barnett owned the corporations. (Imber Decl. ¶¶10-12.)

In moving for summary judgment, Defendant argues that the purported stock powers are

3

void ab initio because there was no effective transfer of the stock from Barnett and Frieda to Plaintiff because Barnett and Frieda never jointly owned stock in the corporations. (Mot. 4-6.) Second, Defendants contend there was no valid inter vivos gift of stock as evidenced by Barnett's testimony that he never intended to transfer any stock to Plaintiff. (Mot 6-11.) Defendants also argue that Plaintiff's claims are barred by the statute of limitations and the doctrines of unclean hands, estoppel and waiver.

### B. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

C.  Discussion

The Court finds that factual disputes preclude the entry of summary judgment.  The Court must view the evidence in the light most favorable to Plaintiff on a motion for summary judgment and must not engage in credibility determinations.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions."); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987) (on a summary judgment motion, the court may not weigh the credibility of the parties); Delvalle v. Sanchez, 170 F. Supp. 2d 1254, 1279 n.27 (S.D. Fla. 2001) (credibility determinations are improper for a judge to make when considering evidence on

5

a motion for summary judgment). With those principles in mind, the Court will examine Defendants' arguments.

With respect to Defendants' claim that the stock powers are void ab initio, the Court notes that Defendants support this claim with the testimony of Barnett Guthartz. (Paragraph 2, DE 109 citing B. Guthartz Aff.)  Barnett Guthartz stated in his affidavit that, at the time the stock powers were allegedly executed, the stock in Park Centre and Haverhill were owned solely by him and the stock in Shining Star was owned solely by Frieda.  Thus, according to Defendants, the stock powers attached to the Complaint, which contain the names of both Barnett and Frieda, are void and represent an ineffective transfer of stock.  This conclusion, however, requires crediting Barnett Guthartz's testimony over Plaintiff's testimony.  After all, Plaintiff states that Frieda sent him the stock powers affixed to the Complaint.  At face value, those copies suggest that the corporations were held by both Barnett and Frieda and transferred to Plaintiff.  Clearly, then, the Court cannot resolve this dispute based on a cold record. Instead, the trier of fact will need to assess the credibility of the witnesses.

Likewise, the Court rejects Defendants' claim that the Court can find, as a matter of law, that there was no valid inter vivos gift of stock.  Defendants contend that Barnett Guthartz never intended to make an inter vivos gift to Plaintiff and buttress Barnett's testimony with evidence that Plaintiff, throughout the years, acted inconsistently as an owner of the corporations.  The Court cannot credit Barnett's testimony over Plaintiff's at the summary judgment stage.  Indeed, Barnett's intent is a question of fact.  See Chanel, Inc. v. Italian Activewear of Florida, Inc., 931 F.2d 1472, 1476 (11th Cir. 1991) (intent is question of fact for the factfinder); Wadlington v. Continental Med. Svcs., Inc., 907 So. 2d 631 (Fla. Dist. App. Ct. 2005) (intent is question for

jury to decide); Whittimore v. Cruce, 479 So. 2d 761 (Fla. Dist. App. Ct. 1985) (intent is question of fact); Robert Wilmoth Assocs., Inc. v. Rymarquis, 403 So. 2d 606 (Fla. Dist. App. Ct. 1981) (same). Thus, the Court cannot find, as a matter of law, that there was no valid inter vivos gift of stock.[2]

The Court also rejects Defendants' argument that they are entitled to summary judgment based on the doctrines of unclean hands, equitable and judicial estoppel, and waiver. Notably, Defendants state that a finding of unclean hands requires a determination into Plaintiff's "intent to deceive." (Mot. at 17). As discussed supra, intent is a question of fact and therefore not easily resolved on a motion for summary judgment, especially when all inferences must be drawn in favor of Plaintiff, the non-moving party.

Likewise, equitable estoppel requires establishing proof of fraud, misrepresentation or some other affirmative deception, which is yet another inquiry inappropriate at the summary judgment stage. Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota, 361 So.2d 156, 159 (Fla. 1978). Such an inquiry presents multiple issues of fact. See Lodestar Tower North Palm Beach, Inc. v. Palm Beach Television Broadcasting, Inc., 665 So. 2d 368, 370 (Fla. Dist. Ct. App. 1996) (whether an equitable estoppel argument exists is a matter for the factfinder to determine); David v. Prime Hospitality Corp., 676 So. 2d 1049, 1050 (Fla. Dist. Ct. App. 1996) (summary judgment inappropriate when factual question must be resolved regarding equitable estoppel). The defense of waiver is also unsuitable for resolution at summary judgment. Dusich v. Horley, 525 So. 2d 507, 509 (Fla. Dist. Ct. App. 1988) ("summary

---

[2] Defendants' reliance on Faro v. Corporate Stock Transfer, Inc., 883 So. 2d 896, 898 (Fla. Dist. Ct. App. 2004) is misplaced. That case address the duty of a transfer agent to register a security and the resulting claim for damages by a shareholder against the transfer agent.

judgment is particularly unsuitable in those cases where the facts and circumstances indicate the possibility of waiver and estoppel").[3]

Lastly, the Court is puzzled by Defendants' attempt to revisit the argument, previously raised in their motion to dismiss and rejected by the Court, that Plaintiff's claims are barred by the statute of limitations. Notably, Defendants' argument rests on the faulty premise that this is a "declaratory action on a contract." (Mot. at 12.) However, the Court has previously held that the Complaint seeks a declaration as to Plaintiff's rights, which Plaintiff sought immediately after he was allegedly denied the right to inspect records in 2007.[4] (Compl. ¶ 26.) Thus, there is no basis for finding that the statute of limitations bar this claim.

Accordingly, the Court denies Defendants' Motion for Summary Judgment.

II. Motion for Judgment on the Pleadings

Defendant Janet Barry seeks judgment on the pleadings, claiming that she is not a proper defendant as she has no ownership interest in any of the Defendant companies. Defendant Barry states that the "only allegation" against her in the Complaint is that she owns some or all of the shares in Park Centre. According to Barry, this allegation is vague and conclusory and has been disclaimed in Barry's Answer and Affirmative Defenses. (Mot. at 3, DE 160.)

"Judgment on the pleadings is proper when no issues of material fact exist, and the

---

[3] While Defendants mention judicial estoppel in passing, they do not present any argument with respect to this defense. Based on the record presented, application of this doctrine is misplaced. See Grau v. Provident Life and Accident Ins. Co., 899 So. 2d 396, 400 (Fla. Dist. Ct. App. 2005) (judicial estoppel can be invoked when a party makes an inconsistent claim or conflicting position in a subsequent action after successfully maintaining that claim in a former action).

[4] Defendants provide no evidence challenging Plaintiff's allegation that he sought inspection of the corporate records in 2007.

movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) citing Fed.R.Civ.P. 12(c).  The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party.  See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).   The Court may not enter judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

     Under this standard, the Court must deny the motion.  The Complaint alleges that Barry owns some or all the shares in Park Centre. (Compl. ¶ 10.) On this basis alone, Plaintiff is entitled to press his claim for declaratory relief and inspection of records against Barry.  It is entirely irrelevant that, by way of motion or answer, Barry has denied that she possesses ownership over this company.   The standard highlighted supra requires that all facts in the complaint are assumed true.   Moreover, to the extent this motion raises issues of fact, such a discussion is best left for trial. At trial, Barry may present evidence to support her claim that she does not have an ownership interest in the company.

     As such, Defendant Barry's motion for judgment on the pleadings is denied.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE 108) and Defendant Janet Barry's Motion for Judgment on the Pleadings (DE 160) are **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of February 2009.

_____
KENNETH A. MARRA
United States District Judge